USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/26/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

CLAUDIA COJOCARU and NAOMI HABER,  :

                       Plaintiffs,  :

     -against-  :

                               :

CITY UNIVERSITY OF NEW YORK d/b/a JOHN  :
JAY COLLEGE OF CRIMINAL JUSTICE, et al.,  :

                     Defendants.  :

------------------------------------------------------------ x

**ORDER REGARDING FEE DISPUTE**

19 Civ. 5428 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

     Counsel for defendant Professor Ric Curtis seeks an order authorizing attorneys' fees in excess of those set forth in the fee schedule maintained by the Office of the New York State Comptroller (the "Comptroller"). Counsel for Professor Curtis and the Comptroller are directed to continue negotiating in light of the guidance in this order.

## BACKGROUND

     Professor Curtis is an employee of the City University of New York ("CUNY"). Two former students bring claims against Professor Curtis and others stemming from alleged sexual violence, harassment, discrimination, and other misconduct Plaintiffs faced while at CUNY. Professor Curtis, the Comptroller agrees, is entitled to representation in this action by private counsel, with reasonable attorneys' fees to be paid by the State of New York pursuant New York Public Officers Law ("POL") § 17. *See* POL § 17(2)(b) ("If the employee . . . is entitled to representation by private counsel under the provisions of this section, the attorney general shall so certify to the comptroller. Reasonable attorneys' fees and litigation expenses

1

shall be paid by the state to such private counsel from time to time during the pendency of the civil action or proceeding . . . .").

Counsel for Professor Curtis and for the Comptroller appear specially before this Court to address a dispute over the amount of reasonable attorneys' fees.[1] Under POL § 17, "[a]ny dispute with respect to . . . the reasonableness of attorneys' fees shall be resolved by the court upon motion or by way of a special proceeding." POL § 17(2)(b); *see also Nat'l Foods, Inc. v. Rubin*, 936 F.2d 656 (2d Cir. 1991) ("[I]n § 17(2)(b) of the Public Officers Law, the New York State Legislature acknowledged that the court where litigation is pending, whether state or federal, is the court where all issues of conflict of interest between litigants necessitating separate representation, of joint representation, and of the worth of legal services should be resolved."). Professor Curtis's attorney Mr. Bob Herbst is seeking fees at his customary hourly rate of $800. Mr. Herbst is a partner with 46 years of legal experience. The Comptroller's fee schedule, maintained pursuant to 2 NYCRR § 20.3, designates a fee rate of $225 per hour for a partner who has been admitted to the Bar for at least ten years. The Comptroller may pay fees above the rates in the schedule upon request by counsel. 2 NYCRR § 20.4(a). In assessing the appropriateness of authorizing higher fees, the Comptroller "shall consider . . . (1) the prevailing fees for similar services in the area in which the case is to be heard; (2) the experience of private counsel, both generally and in cases of the type under consideration; [and] (3) the difficulty of the case under consideration (*e.g.,* scientific or technical evidence, availability of witnesses)." *Id.* Given Mr. Herbst's experience, the Comptroller has been willing to pay up to $550 per hour

---

[1] The Comptroller is not a party to this action. Professor Curtis is a party, but his counsel has not yet made an appearance due to the pendency of the fee dispute. I granted permission for counsel for both Professor Curtis and the Comptroller to make their submissions concerning the fee dispute. ECF Nos. 35, 38.

for Mr. Herbst's representation of Professor Curtis in this action. The fee rates for the remainder of Mr. Herbst's staff are not in dispute following negotiations with the Comptroller.

## DISCUSSION

Mr. Herbst is a highly experienced and accomplished litigator in the areas of civil rights and employment law. Furthermore, this is a complex action. Plaintiffs allege facts spanning years and bring twelve claims (only three of which are asserted against Professor Curtis) under federal, state, and local law. Though the action is still at an early stage, Mr. Herbst expects to confront extensive discovery and difficult legal questions. The Comptroller does not challenge Mr. Herbst's assertions as to his experience or the difficulty of this case.

Mr. Herbst's clients routinely pay $800 per hour for his services. He also provided evidence showing that some civil rights litigators of similar experience charge similar or higher rates. The Comptroller represents that it has never authorized a fee rate as high as the $800 per hour that Mr. Herbst requests. A court in this district has awarded $800 per hour for experienced attorneys in a complex civil rights action. *See Williams v. Metro-North R.R. Co.*, No. 17-cv-03847, 2018 WL 3370678, at *8 (S.D.N.Y. June 28, 2018), reported and recommendation adopted, 2018 WL 3368713 (S.D.N.Y. July 10, 2018) (approving rate of $800 for partners in a gender-based discrimination action implicating federal, state, and local laws). However, more often, courts order lower rates, even for partners representing clients in complex actions. *See, e.g., Lewis v. Am. Sugar Refining, Inc.*, No. 14-cv-02302, 2019 WL 116420, at *4 (Jan. 2, 2019) ("Courts in this district have approved hourly rates of $250 to $600 for civil rights attorneys with over ten years of experience and of $200 to $350 for associates.").

It is worth noting that the cited cases typically involve attorneys' fees awarded pursuant to fee-shifting statutes. The posture here, a determination of attorney's fees under POL

3

§ 17(2)(b), is different. That is a key component of the dispute between the defendant and the

Comptroller. Defendant argues that the Court should independently determine the

reasonableness of the proposed attorneys' fees. The Comptroller argues that the Comptroller's

determination of reasonableness should be subject to the "rational basis" standard of review

applicable to review of agency decisions in Article 78 proceedings in New York State Court.

The Second Circuit has declined to answer the question. *See Nat'l Foods*, 936 F.2d at 661 (2d

Cir. 1991) ("express[ing] no view on the standard applicable to a review of the Comptroller's

decision" under POL § 17(2)(b) because the issue was not raised below). In *Ehring v. County of

Rensselaer*, the District Court for the Northern District of New York determined a reasonable fee

rate under POL § 17(2)(b) and seemingly did not give any deference to the State's determination.

*See* No. 05-cv-665, 2006 WL 8452028 (N.D.N.Y. Aug. 8, 2006).

On the other hand, if Defendant were to challenge the Comptroller's fee decision

in New York State Court, the Court would likely review the decision under the standard

advocated by the Comptroller. Generally, "[i]n reviewing an administrative agency

determination, [the court] must ascertain whether there is a rational basis for the action in

question or whether it is arbitrary and capricious." *Gilman v. N.Y. State Div. of Hous. & Cmty.

Renewal*, 99 N.Y.2d 144, 149 (N.Y. 2002). "An action is arbitrary and capricious when it is

taken without sound basis in reason or regard to the facts." *Peckham v. Calogero*, 12 N.Y.3d

424, 431 (N.Y. 2009). Analyzing another provision of POL § 17, the New York Court of

Appeals found that "[t]he Attorney-General's determination to grant or deny a defense under

Public Officers Law § 17(2)(a) is an administrative decision much like decisions rendered by

other administrative agencies in response to an application for a benefit granted by a

governmental entity. Thus, to protect their right to a defense under the statute, the physicians

4

were required to challenge the State's denial of a defense in a timely article 78 proceeding." *Frontier Ins. Co. v. New York*, 87 N.Y.2d 864, 866-67 (N.Y. 1995).

While this is not an Article 78 proceeding and the state standard of review is not binding here, it is at least persuasive. A federal court should be hesitant to apply less deference than would a state court in reviewing a state agency's decision about allocation of state funds under a state statute and state regulations. *Cf. Bldg. Trades Employ. Ass'n v. McGowan*, 311 F.3d 501, 507 (2d Cir. 2002) ("We defer to a state agency's interpretation of its own regulations, unless the interpretation is arbitrary or capricious.").

The Comptroller's offer to pay Mr. Herbst at a rate of $550 per hour failed sufficiently to account for fees judicially allowed for similar services by experienced partners in complex actions in this district, as required by 2 NYCRR § 20.4. However, Mr. Herbst, though a skilled lawyer, is being paid by public funds, and it would be hard to rule that the Comptroller lacked rational basis for declining to pay the amount requested by Mr. Herbst from the public fisc. Mr. Herbst and the Comptroller would benefit from further negotiation to compromise their differences.

The parties shall report to me as to their negotiations by January 16, 2020. Meanwhile, the motion will be held in abeyance.

SO ORDERED.

Dated:    New York, New York
          December 26, 2019          _____
                                     ALVIN K. HELLERSTEIN
                                     United States District Judge