UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAUDIA COJOCARU and NAOMI HABER,<br><br>                                        Plaintiffs,<br><br>            v.<br><br>CITY UNIVERSITY OF NEW YORK d/b/a/ JOHN JAY COLLEGE OF CRIMINAL JUSTICE, RIC CURTIS, ANTHONY MARCUS, LEONARDO DOMINGUEZ, and BARRY SPUNT, all in their individual and professional capacities,<br><br>                                        Defendants. | **JOINT STIPULATION AND ORDER CONCERNING THE DESIGNATION AND USE OF CONFIDENTIAL MATERIALS**<br><br>19 Civ. 5428 (AKH)<br><br><br>Original Filed by ECF |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed, by and between the Parties, through their respective counsel, and ordered by the Court as follows:

1.        This Confidentiality Stipulation and Order shall apply to all non-public information and materials designated as "Confidential Material," as provided herein, that is produced or disclosed during the course of the above-captioned action (the "Action"), by any party or non-party, including but not limited to information produced or disclosed:

    a.        In any pleading, document, affidavit, affirmation, interrogatory answer, responses to requests for admission, brief, motion, transcript, or any other writing;

    b.        In testimony given in a deposition, and any copies, or summaries of such information; or

    c.        Through any manner or means of discovery, including entry onto land or premises and inspection of books, records, documents and tangible things.

2.        As used herein, the "Action" refers to all proceedings in the above-captioned case, including any appeals and the implementation of any remedy agreed to by the parties or ordered by the Court.

1

3.      The following documents and information produced or provided by the parties or nonparties during the course of this Action may be designated by the producing Party as "Confidential Material"  unless they have been obtained from other sources or are  otherwise publicly-available:

a.      All documents and information that relate to the personnel records, reviews, or evaluations for any party, employee, or former employee of The City University of New York (including, without limitation, John Jay College of Criminal Justice ("John Jay"), and any and all other constituent colleges, institutes, divisions, units and any related entities) ("CUNY");

b.      All non-public documents and information relating to the private, personal, and non-public personally sensitive information of parties and/or non-parties to this Action;

c.      All non-public documents and information concerning labor relations and disciplinary files, and/or equal employment opportunity (EEO) files, private, personally sensitive information complaints or grievances to, investigations by, or reports of any office, committee, person, or agency, including but not limited to any office or committee of CUNY, the New York County District Attorney's Office, the New York State Inspector General's Office, the New York City Human Rights Commission, the New York State Division of Human Rights, the New York State Unemployment Insurance Appeal Board, or the United States Equal Employment Opportunity Commission;

d.   All non-public documents and information relating to any students

reflecting student records, grades, assignments, and coursework, private,

personally sensitive information, disciplinary proceedings, and any other

content which may be subject to any and all confidentiality requirements

independent of this Stipulation, including but not limited to the provisions

of The Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g; 34

CFR Part 99 ("FERPA") and no such documents or information will be

produced unless in compliance with FERPA;

e.   All non-public documents and information containing personal health

information of any party hereto, including but not limited to documents

and information covered by the Health Insurance Portability and

Accountability Act of 1996 ("HIPAA") and records disclosed by a party

or nonparty pursuant to any Authorization to Release Medical Records

executed by the Plaintiffs in this action;

f.   All documents and information containing mental health information of

any party hereto, including but not limited to documents and information

covered by HIPAA and records disclosed by a party or nonparty pursuant

to any Authorization to Release Psychotherapy Notes executed by the

Plaintiffs in this action;

g.   All non-public documents relating to investigations conducted pursuant to

CUNY's policy on Sexual Misconduct and/or Equal Opportunity and

Non-Discrimination which contain private, personally sensitive

information;

h.      Any non-public documents and information which counsel for all parties

agree should be considered Confidential Material;

i.      Any documents and information that the Court directs to be produced as

Confidential subject to this Stipulation; and

j.      Testimony about the documents and information covered by Paragraph

2(a)-(j) which is designated as "Confidential Material."

4.      Nothing herein shall negate or obviate any requirement or obligation of

confidentiality under applicable law and rules, independent of this Stipulation.

5.      Any Party producing Confidential Material described in Paragraph 2 of this

Stipulation ("the Producing Party") may designate such materials as Confidential Material by

marking the document with the word "Confidential."  So-marked documents and the information

contained therein shall not be disclosed to anyone by the party receiving the Confidential

Material ("the Receiving Party"), except as provided in this Stipulation.  A Confidentiality

designation by one Party shall not be deemed an acknowledgment of confidentiality by any other

Party except for purposes of this Stipulation.  Each Party hereto reserves the right to make an

application to the Court on notice challenging a designation of confidentiality in whole or part of

any document or information, as set forth herein.

6.      Any party, through its attorney, may designate as Confidential any deposition

testimony that the attorney believes in good faith discusses or discloses Confidential Material.

Such designation may be made orally on the record of a deposition or by notice within 30 days

from the receipt of the transcript.  That portion of the deposition transcript so designated shall be

treated as Confidential until thirty (30) days after the court reporter sends the deposition

transcript to the parties or the deponent.  The court reporter shall be notified of any

confidentiality designations made after the transcript is sent to the parties.  Upon receipt of a confidentiality designation, all parties in possession of the deposition transcript shall mark the designated pages as confidential on all copies of the transcript and treat those pages of the transcript in accordance herewith.

7.      In the event that any Party obtains documents or information from a Party or nonparty that it believes in good faith is or may be confidential, said Party may designate such information as Confidential Material pursuant to this Stipulation and it shall be treated as such in accordance with this Stipulation.

8.      Unless otherwise ordered by the Court or agreed to by the Parties in writing, Confidential Material, including information contained in the Confidential Material or testimony concerning the Confidential Material:

a.      shall be used by the Receiving Party solely for the purpose of, or in investigation and/or preparation for, proceedings, hearings, depositions, motions, and trial in this Action and any disciplinary proceeding, arbitration, or hearing involving the Plaintiffs or individual Defendants, and not for any other purpose, including in any other actions or claims involving non-parties, without prejudice to positions that may be argued in any other proceeding, for or against use; and

b.      may be disclosed only to:

(1)      counsel representing the Parties, including in-house counsel at John Jay and the CUNY Office of General Counsel, employees of counsel or counsel's office, persons acting under counsel's supervision, and employees and independent contractors of counsel

who are directly involved in preparation or litigation of this Action

or any disciplinary proceeding, arbitration, or hearing involving the

Plaintiffs or individual Defendants;

(2)    the individual Parties to this action;

(3)    Officers or employees of any named Party who are either required

by such Party or requested by counsel to assist in the prosecution

or defense of this Action or any disciplinary proceeding,

arbitration, or hearing involving the Plaintiffs or individual

Defendants, so long as all such individuals agree to be bound by

the terms of this Stipulation;

(4)    any expert or consultant who has been consulted and/or retained by

any party for purposes of the Action and any necessary assistants

or employees under the expert's or consultant's direct supervision,

in accordance with the procedures set forth in paragraph 9 of this

Stipulation;

(5)    for purposes of investigation, preparation, deposition, or trial in

this Action and any disciplinary proceeding, arbitration, or hearing

involving the Plaintiffs or individual Defendants, any deponent,

witness, or potential deponent or potential witness who authored or

otherwise had or should have had access to, familiarity with, or

who may have knowledge of the facts and circumstances to which

the Confidential Material relates;

(6)     any other person as to whom the Parties agree in writing in accordance with the procedures set forth in paragraph 9 of this Stipulation;

(7)     court reporters, as necessary for the conduct of this litigation;

(8)     the Court and personnel employed by the Court; and

(9)     any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law.

9.      Prior to the disclosure of any Confidential Material to a person identified in subparagraphs 8(b)(3), (4). (5) or (6), who is not also identified in another subparagraph of paragraph 8, counsel for the party proposing to make such disclosure shall ensure that a copy of this Confidentiality Stipulation and Order has been delivered to such person, and shall obtain that person's written agreement to be bound by the terms of this Confidentiality Stipulation and Order and consent to the Court's jurisdiction for the purpose of enforcing this Confidentiality Stipulation and Order in the form of the Non-Disclosure Agreement annexed hereto as **Exhibit A**.

10.     **Challenge to Designation**.  In the event that a party disagrees with any other party's designation of Confidential Material or any party considers it necessary to disclose Confidential Material (the "Challenging Party"), counsel for the Challenging Party shall notify counsel for the other parties of their objection in writing.  The parties shall confer and attempt to resolve the matter within 7 days of the Challenging Party's notification of the dispute.  If the parties are unable to do so, an application must be made by the party that has designated such material as Confidential (the "Designating Party") to the Court within 14 days of the initial notification.  The Designating Party shall bear the burden of demonstrating that the information

so designated is, in fact, Confidential Material and that good cause exists for the information to be subject to this Stipulation; similarly, the party seeking to prevent the disclosure of Confidential Material shall bear the burden of demonstrating that the information should not be disclosed and that good cause exists requiring the non-disclosure of the Confidential Material. The information in question shall be treated as Confidential Material until the dispute is resolved (either by written agreement of counsel for the parties or by an Order of the Court). To the extent a determination on the designation must be obtained more expeditiously, any party may at any time file an application with the Court, with the understanding that the burden remains on the Designating Party.

11.    All Confidential Material shall be maintained by the Parties in a confidential manner, and shall not be given, shown, or described to any persons other than those described in Paragraph 7 and only pursuant to the procedures in Paragraph 9.

12.    A Receiving Party shall not file Confidential Material in the record of this Action or with the Court, except as follows:

a.    A Receiving Party may file unredacted Confidential Material in the record of this Action, or with the Court, upon written consent by counsel for the Producing Party.

b.    If a Party uses Confidential Material in a pleading, motion, or other submission filed with the Court without the written consent of counsel for the Producing Party, the Party using the Confidential Material shall redact such Confidential Material from the submission filed in the public file, but will provide an unredacted complete courtesy copy to the judge with a request that the courtesy copy not be included in the public file. If

redaction of only the Confidential Material as set out above would be both significantly impractical and likely to be unduly burdensome, the filing party may follow the Court's Individual Practices to move to file its submission under seal, provided, however, that any delay in filing occasioned by the need for such a court order shall not result in a default by the Party seeking such order or otherwise prejudice the Party's rights.

c.  If a Party intends to use or elicits testimony concerning Confidential Material at trial or in open court on any occasion in a manner that will disclose the Confidential Material, the Party intending to so use Confidential Material shall take all steps reasonably required to protect the material's confidentiality during such use.  Nothing contained herein shall be deemed to restrict the Court's handling of Confidential Material or to cause a Party to be in breach of this Stipulation when acting in compliance with an order or direction of the Court.

13.  In accordance with Rule 502 of the Federal Rules of Civil Procedure, if a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure, in and of itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter, in this Action, or in any other federal or state proceeding. Confidential Material inadvertently or unintentionally produced without being designated may be retroactively designated in accordance with this Stipulation by notice in writing of such designation and identification by Bates number or page number in the case of deposition transcripts or affidavits, and shall be

treated appropriately from the date written notice of the designation is provided to the receiving

Party unless such designation is otherwise removed or successfully challenged.  Such notice of

retroactive designation must be made promptly, within a reasonable time, and in any event

within ten (10) days of discovery that the producing Party inadvertently failed to so designate the

material(s). To the extent that, prior to such notice, a Party receiving the material or information

may have disclosed the Confidential Material, the Party shall not be deemed to have violated this

Stipulation.

14.     This Stipulation does not preclude a Party from raising or preserving objections to

discovery and does not waive any Party's right to assert attorney-client, attorney work product,

or any other privilege as the Action proceeds.

15.     This Stipulation does not require production of documents as to which objections

or privileges apply, though the party shall be required to enumerate such objections and

privileges in accordance with local and other rules of procedure, and provide a privilege log.

16.     The attorney-client privilege or work-product protection shall not be waived by a

disclosure in connection with this litigation or disciplinary proceeding, arbitration, or hearing

involving the Plaintiffs or individual Defendants, and such disclosure shall not constitute a

waiver in any other Federal or State proceeding.

17.     Nothing in this Stipulation shall be construed to limit, modify, or interfere in any

manner with:

    a.     the disclosure obligations of CUNY under the New York Freedom of

        Information Law ("FOIL"), New York Public Officers Law Article 6, and

        related state law, regulations, and judicial decisions;

b.      the interpretation, application, and implementation by CUNY, its public access officers, and state courts, of FOIL and related state law, regulations, and judicial decisions as well as other laws and regulations;

c.      Any party's use in the ordinary course of business and as permitted by law outside of this action of documents and information designated as Confidential in this action that they legally have in their possession, and which were not received through discovery in this action or through releases or authorizations signed by Plaintiffs; or

d.      any Producing Party's use of its own Confidential Material.

18.      Nothing in this Stipulation shall prejudice the rights of any Party to contest the alleged relevance, admissibility, or discoverability of Confidential Material sought.

19.      If any party is served with a subpoena or other notice in another proceeding or from a regulatory or other governmental agency requesting or compelling the production of materials produced by another party and designated as Confidential, the party so requested shall give written notice to the Designating Party of such subpoena or other notice.  Upon receipt of such notice, the Designating Party so notified shall bear the burden of opposing, if appropriate, the subpoena or other notice on grounds of confidentiality.  In no event shall production or disclosure be made before reasonable notice is given to the Designating Party. It is not contemplated by this section that a party who is subpoenaed or noticed to produce such materials by a governmental agency should be required to risk, in any manner, noncompliance with the subpoena or a citation for contempt, incur costs or fees for having failed to comply with such subpoena or notice.

20.     This Stipulation shall survive and remain in full force and effect after the termination of the Action.  Neither the termination of the Action nor the termination of employment of any person with access to any Confidential Material shall relieve such person from the obligation of maintaining the confidentiality of such information.

21.     Within thirty days of the final conclusion of this Action or any disciplinary proceeding, arbitration, or hearing involving the Plaintiffs or individual Defendants, including any post-trial or post-hearing motions or appellate proceedings, upon request of counsel, all matter designated as Confidential (including all copies of the same documents or identifiable portions thereof and all documents reflecting the documents or their contents other than any publicly-available matter) shall be returned promptly by the Receiving Party to the Producing Party, or, in lieu of their return, they may be destroyed (as by shredding).  The Receiving Party must certify in writing the return or destruction of all such documents within thirty days of the Producing Party's request for return or destruction. However, counsel may retain their work product, copies of court filings, and official transcripts and exhibits, provided any and all retained documents are kept confidential and will, along with the information contained therein, continue to be treated as Confidential pursuant to this Stipulation.   Notwithstanding any provision in this document, all exhibits to pleadings, motions and court proceedings shall be preserved. /s/ AKH

22.     The Parties reserve the right to seek modification of this Stipulation by application to the Court for good cause shown.

23.     Until such time as this Stipulation has been entered by the Court, the Parties agree that upon execution by the Parties, the Parties will treat this Stipulation as though it had been "so-ordered."

Dated: New York, New York
      June 25, 2020

WIGDOR LLP
*Attorneys for Plaintiffs*
By:

_____

David E. Gottlieb, Esq.
85 Fifth Avenue
New York, New York 10003

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant CUNY*
By:

   /s/ Elyce Matthews
_____

Elyce N. Matthews
Assistant Attorney General
28 Liberty Street
New York, New York  10005

Beranbaum Menken LLP
*Attorneys for Defendant Marcus*
By:

/s/ Scott Simpson

_____

Scott Simpson, Esq.
80 Pine Street, 33rd Floor
New York, New York 10005

Herbst Law PLLC
*Attorneys for Defendant Curtis*
By:

/s/ Robert Herbst

_____

Robert Herbst, Esq.
420 Lexington Avenue, Suite 300
New York, New York 10170

Giordano Law Offices PLLC
*Attorneys for Defendants Spunt and Dominguez*
By:

_____

Carmen Jack Giordano, Esq.
226 Lenox Avenue
New York, New York 10027

SO ORDERED:  as amended

Dated:  ___July 6_____, 2020

  /s/ Alvin K. Hellerstein
_____
Hon. Alvin K. Hellerstein
U.S.D.J.

# EXHIBIT
# A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAUDIA COJOCARU and NAOMI HABER, | **NON-DISCLOSURE AGREEMENT** |
| Plaintiffs, | |
| v. | 19 Civ. 5428 (AKH) |
| CITY UNIVERSITY OF NEW YORK d/b/a/ JOHN JAY COLLEGE OF CRIMINAL JUSTICE, RIC CURTIS, ANTHONY MARCUS, LEONARDO DOMINGUEZ, and BARRY SPUNT, all in their individual and professional capacities, | Original Filed by ECF |
| Defendants. | |

I, _____, the undersigned, hereby certify that I have read and understood the Joint Stipulation and Order Concerning the Designation and Use of Confidential Materials entered in this action, and I hereby agree to abide by its terms and condition.  I understand that Confidential Material and any copies, notes, or other records that may be made regarding Confidential Material shall not be used by me or disclosed to others, except in conformity with this Stipulation and Order, and that I may be held in contempt of court if I violate the terms of the Stipulation and Order.

(Signature on following page)

1

Dated: _____


_____
                    Signature


_____
                  Name (Printed)