# EXHIBIT 12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CLAUDIA COJOCARU and NAOMI HABER,            Case No. 1:19-cv-05428 (AKH)

                Plaintiffs,

        v.


CITY UNIVERSITY OF NEW YORK, et al.

                Plaintiffs.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


# PLAINTIFF ANTHONY MARCUS' FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## ADDRESSED TO CLAUDIA COJOCARU

     PLEASE TAKE NOTICE, that pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Defendant Dr. Anthony Marcus demands that the Plaintiff Claudia Cojocaru produce the documents designated below to Beranbaum Menken LLP, 80 Pine Street, 33rd Floor, New York, NY 10005, no later than March 31, 2020.

## I. GENERAL INSTRUCTIONS

    1.    The responses to the discovery requests must include all information known to Plaintiff, her agents and employees, including attorneys, and all persons acting on her behalf or under her control.

    2.    If, in answering this discovery request, Plaintiff claims any ambiguity in interpreting either a particular request or a definition or instruction, such claim shall not be utilized as a basis for refusing to respond. Instead, Plaintiff shall set forth as part of the response the language deemed to be ambiguous and the interpretation chosen or used in responding to the request.

3. These discovery requests are continuing in nature. If, after answering, Plaintiff obtains or becomes aware of any further information responsive to these document requests, a supplementary answer is required.

4. With respect to any document withheld on the basis of a privilege, Plaintiff shall set forth the grounds of the claimed privilege and shall provide the following information as to each such document: type of document; general description of the subject matter; author; recipient(s) or addressee(s); date; number of copies prepared and by whom prepared; the identity of each person who has received a copy or had an opportunity to receive a copy thereof; and the custodian of the document.

5. All pages now stapled or fastened together are to be produced stapled or fastened together as they originally appeared (or, in the case of electronically produced documents, grouped together in the same file).

6. With respect to each document requested herein that has been lost, destroyed, or otherwise disposed of since its preparation or receipt, provide the following information separately as to each such document: type of document; general description of the subject matter; author; recipient(s) or addressee(s); date; last custodian of the document or copies thereof; the full particulars or circumstances whereby the document was lost, destroyed, or otherwise disposed of.

7. Unless otherwise specified, the information requested in each document request relates to the time period January 1, 2012 to the present.

## II. DEFINITIONS

For the purposes of these discovery requests, the following definitions apply:

1. "Complaint" refers to the Amended Complaint filed by plaintiff in the above-captioned matter.

2. "Communications" refers to any written statements, correspondence, memos, notes, emails, texts between two or more parties.

3. "Plaintiff" refers to all or any of Plaintiff's agents or attorneys.

4. "Documents" means any written or graphic matter or other means of preserving thoughts or expression, including, but not limited to any original, draft or nonidentical copies of any writings, correspondence, notes, minutes of meetings, memoranda, communications, reports, agreements, financial statements, e-mails, photographs, sound or video recordings, emails, diaries, time sheets, logs, and data compilations from which information can be obtained. Documents also means "electronic data," as that term is described below.

5. "Electronic Data" means all information stored in computers and digital or electronic storage devices. Electronic data includes, but is not limited to, emails, databases, voicemail, audio and video files, social media, instant and text messages, metadata, and websites.

6. "Reflecting, referring, or relating" shall be construed in the broadest sense to mean directly or indirectly describing, setting forth, responding to, discussing, commenting upon, supporting, contradicting, or referring to the subject in question, either in whole or in part.

## REQUEST FOR DOCUMENT PRODUCTION

1. All documents identified in response to any Interrogatory.

2. Any and all communications between Plaintiff and any other individual concerning:

a) Defendant Marcus; or

b) the allegations in this Complaint.

3

3.      Any and all written communications between Plaintiff and Defendant Marcus, from January 1, 2012 through present, including but not limited to text messages, emails, letters, chat messages, and social media posts.

4.      Any and all diaries, calendars, notes and/or journals maintained by Plaintiff from January 1, 2012 to the present relating to any of the matters alleged in the Complaint.

5.      Produce all photographs and other audio-visual materials documenting any allegation in the complaint, and all injuries that resulted from the allegations in the complaint, including injuries to person and property. Defendant requests exact duplicates of the original photographs and audio-visual materials.

6.      Produce copies of all subpoenas served on any party, or any individual or entity, concerning this litigation and any allegation in the complaint.

7.      Produce all documents received in response to any subpoenas served.

8.      Any and all documents reflecting, referring, or relating to Riley Safer Homes & Cancila LLP's ("RSHC") Title IX investigation (the "investigation") referenced throughout the complaint, including but not limited to copies of all materials submitted by Plaintiff to RSHC or CUNY during the investigation.

9.      Copies of any and all written complaints made by Cojocaru to CUNY or any other third party or entity (excluding communications between Cojocaru and her attorneys) complaining of "improper conduct" during the Title IX investigation and any and all responsive documents received, as alleged in the Complaint.

10.     Any and all documents reflecting, referring, or relating to Plaintiff's contact with any law enforcement agency and/or district attorney's office, including but not limited to the New York County District Attorney's Office,

      a.  concerning any allegation set forth in the complaint; or

4

      b.  made since January 1, 2008.

11.    All documents reflecting, referring, or relating to any complaints of discrimination on the basis of sex and/or harassment made by Plaintiff to any employer or educational institution other than John Jay since January 1, 2008.

12.    Any and all documents reflecting, referring, or relating to Plaintiff's contact with any media outlet, journalist, or reporter since January 1, 2008.

13.    Produce:
    a.  all expert disclosures required pursuant to Federal Rule 26(a)(2);
    b.  any drafts of any reports or other disclosures required by Fed. R. Civ. P. 26(a)(2);
    c.  all correspondence between each plaintiff's counsel(s), or anyone acting for or on behalf of plaintiff or plaintiff's counsels, and any experts identified in response to Interrogatory No. 22, including, but not limited to, any documents reflecting any fee agreements and any instructions plaintiffs' counsels have provided to the expert regarding the expert's expected testimony and/or examination of each plaintiff; and
    d.  any notes taken by any experts identified in response to Interrogatory No. 22 regarding each plaintiff, each plaintiff's counsels, the incident alleged in the complaint, this lawsuit, the expert's expected testimony or the expert's retention by plaintiff's counsel(s) in this action.

14.    Documents reflecting, referring, or relating to Plaintiff's allegation in paragraphs 42-45 of the Complaint alleging that Ms. Cojocaru complained to Crystal Vasquez and Silvia Montalban about being sexually assaulted by Professor Lampasso.

15.    Documents reflecting, referring, or relating to Plaintiff's allegation in paragraph 73 of the Complaint alleging that Curtis and Dominguez pressured Cojocaru to have a threesome with Marcus and Haber.

16.    Documents reflecting, referring, or relating to Plaintiff's allegation in paragraph 90 of the Complaint that Defendant Curtis plagiarized her work.

5

17. Documents reflecting, referring, or relating to Plaintiff's allegation in paragraphs 95-96 of the Complaint alleging that Marcus told Cojocaru in Philadelphia that he engaged in unlawful and unethical sexual relationships with research subjects.

18. Documents reflecting, referring, or relating to Plaintiff's allegation in paragraph 97-98 of the Complaint that Marcus assaulted her in Philadelphia and previously shoved her against a wall.

19. Documents reflecting, referring, or relating to Plaintiff's allegation in paragraph 172 that Cojocaru "did not know" that she had rights under federal, state and local laws to pursue civil claims against CUNY and the named defendants, and that she was unaware of the rights afforded to her under CUNY's Policy on Sexual Misconduct.

20. Documents reflecting, referring, or relating to any legal ethics complaint or disciplinary proceeding against RSHC based on the allegations set forth in paragraphs 169-190 of the complaint.

21. Documents reflecting, referring, or relating to Plaintiff's complaints to John Jay and/or CUNY regarding RSHC's investigation.

22. Documents reflecting, referring, or relating to Plaintiff's allegation in paragraph 204 that there are "ancillary complaints" of misconduct.

23. Documents reflecting, referring, or relating to any complaints made by individuals against Cojocaru, including but not limited to complaints by students, faculty members, administrators, and/or any Title IX complaints or complaints to John Jay security.

24. Documents reflecting, referring, or relating to Plaintiff's allegation in paragraphs 220-223 of the complaint that John Jay President Karol Mason misrepresented the fairness of the investigation to the public.

25. Produce any and all educational records, including but not limited to, academic performance, disciplinary history, complaints about faculty members, fellow students, or administrators, any records of offers of employment, and incident reports created and or maintained by John Jay College and/or CUNY.

26. All documents reflecting, referring, or relating to any educational opportunity Cojocaru claims to have been denied as a result of any conduct or incident alleged in the Complaint.

27. All documents reflecting, referring, or relating to any employment opportunity Cojocaru claims to have been denied as a result of any conduct or incident alleged in the Complaint.

28. All documents reflecting, referring, or relating to any complaints and/or charges of discrimination on the basis of sex filed by Plaintiff with the U.S. Department of Education, Office for Civil Rights, New York City Commission on Human Rights, the Equal Employment Opportunity Commission, the United States Department of Labor, a state or federal court, or any other human rights agency, from September 1, 2010 to the present.

29. For each physician, doctor, medical professional, psychiatrist, psychologist, social worker, case worker, counselor, therapist, and other health care or mental health care provider identified by Plaintiff in her response to Interrogatory No. 23 of Defendant Marcus's First Set of Interrogatories, dated February 28, 2020, produce written releases which would enable Marcus to obtain documents and electronic data connected with Plaintiffs' examination, evaluation or treatment by any medical facility, physician, psychiatrist, psychologist, counselor, therapist, social worker, or other health care or mental health care professional. An appropriate *Authorization to Disclose Medical Information* and *Release for Psychotherapy Notes*, are

7

annexed hereto as part of Exhibit A. Please note: a separate release should be completed, executed, and notarized for each health care provider and for each mental health care provider seen by Plaintiff since January 1, 2010.

30. For each employer identified in response to Interrogatory No. 24 of Defendant Marcus's First Set of Interrogatories, dated February 28, 2020, produce written releases which would enable Marcus to obtain documents and electronic data connected with Plaintiff's employment. An appropriate *Release for Employment Records* form is attached hereto as part of Exhibit A. Please note: a separate release should be completed, executed, and notarized for each employer identified.

31. For each educational institution identified in response to Interrogatory No. 25 of Defendant Marcus's First Set of Interrogatories, dated February 28, 2020, produce written releases which would enable Marcus to obtain documents and electronic data connected with Plaintiff's attendance at the educational institution. An appropriate *FERPA Release Form* is attached hereto as part of Exhibit A. Please note: a separate release should be completed, executed, and notarized for each educational institution identified.

32. All electronically stored information ("ESI") for the period January 1, 2012 through the present containing the following search terms with the following custodians:

Custodians:

| | | |
|---|---|---|
| Adrienne Didik | Anne Lopes | Carla Barrett |
| Albert Lampasso | Anne Milgram | Carlton Jama Adams |
| Alisa Thomas | Ansley Hamid | Charlyn Hilliman |
| Alisse Waterson | Anthony Carpi | Cherryanne Ward |
| Allison Pease | Anthony Marcus | Chitra Raghavan |
| Amalia Paladino | Avi Bornstein | Christopher Carozza |
| Amber Horning | Barbara Brents | Claudia Cojocaru |
| Andres Rengifo | Barry Spunt | Cornelia Preda |
| Andrew Dawson | Bilal Khan | Crystal Jackson |
| Angelica Camacho | Bridget Cabrera | Crystal Vasquez |

8

| | | |
|---|---|---|
| Daniel Stageman | Joanie Ward | Raj Singh |
| Dara Byrne | Jody Miller | Raymond Ruggiero |
| David Brotherton | Johanna Lessinger | Ricardo Macip |
| David Green | Joshua Eichenbaum | Richard Curtis |
| Delores Jones-Brown | Julia Brodska | Robert Terry Furst |
| Diana Lopez | Karol Mason | Ron Soodalter |
| Diego Redondo | Kathleen Williamson | Ronald Weitzer |
| Donald Gray | Kevin Cassidy | Rosemary Barberet |
| Doug Goldsmith | Kimberly Campoli | Ryan Poscablo |
| Doug Thompkins | Kimora [last name unknown] | Sade Baderinwa |
| Edward Snajdr | | Samantha Aquilino |
| Efram Thompson | Laila Alsabahi | Samantha Castro |
| Ernest Drucker | Lambros Comitas | Sandra Musumeci |
| Franko Berhane | Leonardo Dominguez | Sara Rivera |
| Freddy Valenzuela | Lisa Stathas | Sebastian Hoyos-Torres |
| Gabriela Leal/Lealantioco | Louis Kontos | Sheyla Delgado |
| Gregory Donaldson | Lynda Mules | Shonna Trinch |
| Henry Pontell | Marcia Esparza | Silvia Montalban |
| Hilary Klein | Maribel Perez | Siobhan Carty |
| James De Lorenzi | Marjorie Singer | Stuart Chen-Hayes |
| James Graham | Mercer Sullivan | Theresa Rockett |
| Jane Bowers | Meredith Dank | Tiffany Wheatland |
| Jay Borchart | Michael Ferrandino | Travis Wendel |
| Jayne Mooney | Michael Rowan | Tyler Kingkade |
| Jeanmaire Manelski | Mildred Pollner | Valerie West |
| Jeff Butts | Naomi Haber | Vernice Miller |
| Jeff Coots | Niroshan Kariapper | |
| Jeremy Travis | Peter Haxhi | |

Search Terms:

swamp* OR annex* OR drink* OR whiskey* OR beer* OR drunk* OR harass* OR assault* OR rape* OR (hook* /3 up) OR punch* OR slap* OR chok* OR #metoo OR lawsuit OR settlement OR sue OR anthony OR marcus OR investigation OR "new york post" OR "harvey" OR "weinstein"

9

Dated: New York, New York
       February 28, 2020

                                        BERANBAUM MENKEN LLP

                        By:      /s/

                            Scott Simpson
                            Brenna Rabinowitz
                            80 Pine Street, 33rd Floor
                            New York, New York 10005
                            (212) 509-1616

# EXHIBIT A



OCA Official Form No.: 960

# AUTHORIZATION FOR RELEASE OF HEALTH INFORMATION PURSUANT TO HIPAA
**[This form has been approved by the New York State Department of Health]**

| Patient Name | Date of Birth | Social Security Number |
|---|---|---|
| | | |

| Patient Address |
|---|
| |

I, or my authorized representative, request that health information regarding my care and treatment be released as set forth on this form:

In accordance with New York State Law and the Privacy Rule of the Health Insurance Portability and Accountability Act of 1996 (HIPAA), I understand that:

1. This authorization may include disclosure of information relating to **ALCOHOL** and **DRUG ABUSE, MENTAL HEALTH TREATMENT**, except psychotherapy notes, and **CONFIDENTIAL HIV* RELATED INFORMATION** only if I place my initials on the appropriate line in Item 9(a). In the event the health information described below includes any of these types of information, and I initial the line on the box in Item 9(a), I specifically authorize release of such information to the person(s) indicated in Item 8.

2. If I am authorizing the release of HIV-related, alcohol or drug treatment, or mental health treatment information, the recipient is prohibited from redisclosing such information without my authorization unless permitted to do so under federal or state law. I understand that I have the right to request a list of people who may receive or use my HIV-related information without authorization. If I experience discrimination because of the release or disclosure of HIV-related information, I may contact the New York State Division of Human Rights at (212) 480-2493 or the New York City Commission of Human Rights at (212) 306-7450. These agencies are responsible for protecting my rights.

3. I have the right to revoke this authorization at any time by writing to the health care provider listed below. I understand that I may revoke this authorization except to the extent that action has already been taken based on this authorization.

4. I understand that signing this authorization is voluntary. My treatment, payment, enrollment in a health plan, or eligibility for benefits will not be conditioned upon my authorization of this disclosure.

5. Information disclosed under this authorization might be redisclosed by the recipient (except as noted above in Item 2), and this redisclosure may no longer be protected by federal or state law.

6. **THIS AUTHORIZATION DOES NOT AUTHORIZE YOU TO DISCUSS MY HEALTH INFORMATION OR MEDICAL CARE WITH ANYONE OTHER THAN THE ATTORNEY OR GOVERNMENTAL AGENCY SPECIFIED IN ITEM 9 (b).**

7. Name and address of health provider or entity to release this information:

8. Name and address of person(s) or category of person to whom this information will be sent:

9(a). Specific information to be released:
- ❑ Medical Record from (insert date) _____ to (insert date) _____
- ❑ Entire Medical Record, including patient histories, office notes (except psychotherapy notes), test results, radiology studies, films, referrals, consults, billing records, insurance records, and records sent to you by other health care providers.
- ❑ Other: _____

Include: (*Indicate by Initialing*)
_____ **Alcohol/Drug Treatment**
_____ **Mental Health Information**
_____ **HIV-Related Information**

**Authorization to Discuss Health Information**

(b) ❑ By initialing here _____ I authorize _____
                       Initials                       Name of individual health care provider
to discuss my health information with my attorney, or a governmental agency, listed here:
_____
(Attorney/Firm Name or Governmental Agency Name)

| 10. Reason for release of information:<br>❑ At request of individual<br>❑ Other: | 11. Date or event on which this authorization will expire: |
|---|---|
| 12. If not the patient, name of person signing form: | 13. Authority to sign on behalf of patient: |

All items on this form have been completed and my questions about this form have been answered. In addition, I have been provided a copy of the form.

_____    Date: _____
Signature of patient or representative authorized by law.

* Human Immunodeficiency Virus that causes AIDS. The New York State Public Health Law protects information which reasonably could identify someone as having HIV symptoms or infection and information regarding a person's contacts.

Instructions for the Use
of the HIPAA-compliant Authorization Form to
Release Health Information Needed for Litigation

This form is the product of a collaborative process between the New York State Office of Court Administration, representatives of the medical provider community in New York, and the bench and bar, designed to produce a standard official form that complies with the privacy requirements of the federal Health Insurance Portability and Accountability Act ("HIPAA") and its implementing regulations, to be used to authorize the release of health information needed for litigation in New York State courts. It can, however, be used more broadly than this and be used before litigation has been commenced, or whenever counsel would find it useful.

The goal was to produce a standard HIPAA-compliant official form to obviate the current disputes which often take place as to whether health information requests made in the course of litigation meet the requirements of the HIPAA Privacy Rule. It should be noted, though, that the form is optional. This form may be filled out on line and downloaded to be signed by hand, or downloaded and filled out entirely on paper.

When filing out Item 11, which requests the date or event when the authorization will expire, the person filling out the form may designate an event such as "at the conclusion of my court case" or provide a specific date amount of time, such as "3 years from this date".

If a patient seeks to authorize the release of his or her entire medical record, but only from a certain date, the first two boxes in section 9(a) should both be checked, and the relevant date inserted on the first line containing the first box.



## NYCHHC HIPAA Authorization to Disclose Health Information

**ALL FIELDS MUST BE COMPLETED**

**THIS FORM MAY NOT BE USED FOR RESEARCH OR MARKETING, FUNDRAISING OR PUBLIC RELATIONS AUTHORIZATIONS**

| PATIENT NAME/ADDRESS | DATE OF BIRTH | PATIENT SSN |
|---|---|---|
|  | MEDICAL RECORD NUMBER | TELEPHONE NUMBER |

| NAME OF HEALTH PROVIDER TO RELEASE INFORMATION | SPECIFIC INFORMATION TO BE RELEASED: |
|---|---|
|  | Information Requested_____ |
|  | Treatment Dates from_____ to_____ |

| NAME & ADDRESS OF PERSON OR ENTITY TO WHOM INFO. WILL BE SENT | INFORMATION TO BE RELEASED (If the box is checked, you are authorizing the release of that type of information). **Please note: unless all of the boxes are checked, we may be unable to process your request.** |
|---|---|
|  | ☐ Alcohol and/or Substance Abuse Program Information     ☐ Mental Health Information |
|  | ☐ Genetic Testing Information     ☐ HIV/AIDS-related Information |

| REASON FOR RELEASE OF INFORMATION | WHEN WILL THIS AUTHORIZATION EXPIRE? (Please check one) |
|---|---|
| ☐ Legal Matter    ☐ Individual's Request | |
| ☐ Other (please specify):_____ | ☐ Event:_____    ☐ On this date:_____ |

I, or my authorized representative, authorize the use or disclosure of my medical and/or billing information as I have described on this form.

I understand that my medical and/or billing information could be re-disclosed and no longer protected by federal health information privacy regulations if the recipient(s) described on this form are not required by law to protect the privacy of the information.

I understand that if my medical and/or billing records contain information relating to **ALCOHOL** or **SUBSTANCE ABUSE**, **GENETIC TESTING**, **MENTAL HEALTH**, and/or **CONFIDENTIAL HIV/AIDS RELATED INFORMATION**, this information will not be released to the person(s) I have indicated unless I check the box(es) for this information on this form.

I understand that if I am authorizing the use or disclosure of HIV/AIDS-related information, the recipient(s) is prohibited from using or re-disclosing any HIV/AIDS-related information without my authorization, unless permitted to do so under federal or state law. I also understand that I have a right to request a list of people who may receive or use my HIV/AIDS-related information without authorization. If I experience discrimination because of the use or disclosure of HIV/AIDS-related information, I may contact the New York State Division of Human Rights at 212.480.2493 or the New York City Commission of Human Rights at 212.306.7450. These agencies are responsible for protecting my rights.

I understand that I have a right to refuse to sign this authorization and that my health care, the payment for my health care, and my health care benefits will not be affected if I do not sign this form. I also understand that if I refuse to sign this authorization, NYCHHC cannot honor my request to disclose my medical and/or billing information.

I understand that I have a right to request to inspect and/or receive a copy of the information described on this authorization form by completing a Request for Access Form. I also understand that I have a right to receive a copy of this form after I have signed it.

I understand that if I have signed this authorization form to use or disclose my medical and/or billing information, I have the right to revoke it at any time, except to the extent that NYCHHC has already taken action based on my authorization or that the authorization was obtained as a condition for obtaining insurance coverage.

To revoke this authorization, please contact the facility Health Information Management department processing this request.

*I have read this form and all of my questions have been answered. By signing below, I acknowledge that I have read and accept all of the above.*

| SIGNATURE OF PATIENT OR PERSONAL REPRESENTATIVE | IF NOT PATIENT, PRINT NAME & CONTACT INFORMATION OF PERSONAL REPRESENTATIVE SIGNING FORM |
|---|---|
| DATE | DESCRIPTION OF PERSONAL REPRESENTATIVE'S AUTHORITY TO ACT ON BEHALF OF PATIENT |

**If HHC has requested this authorization, the patient or his/her Personal Representative must be provided a copy of this form after it has been signed.**

| HHC USE ONLY | |
|---|---|
| Date Received: | Initials of HIM employee processing request: |
| Date Completed: | Comments: |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CLAUDIA COJOCARU and NAOMI HABER,  Case No. 1:19-cv-05428 (AKH)

                Plaintiffs,  **RELEASE FOR PSYCHOTHERAPY NOTES**

      v.

CITY UNIVERSITY OF NEW YORK, et al.

                Plaintiffs.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TO:_____
        NAME AND ADDRESS OF HEALTHCARE PROVIDER

      Pursuant to the Health Insurance Portability and Accountability Act (HIPAA) Privacy Regulations, 45 CFR § 164.508, YOU ARE HEREBY AUTHORIZED AND DIRECTED to furnish to SCOTT SIMPSON, Beranbaum Menken LLP, attorney for the defendant Anthony Marcus in the above-captioned case, or to his authorized representative, a certified copy of <u>all psychotherapy notes</u> of CLAUDIA COJOCARU (Date of Birth: _____; SS #: _____) who was examined or treated in your hospital or by you on or about _____.

      The reason for this release of information is (a) at the request of individual, or (b) _____. This authorization will terminate upon the resolution of my lawsuit. The aforementioned expiration date has not passed as this matter is ongoing.

      I have the right to revoke this authorization in writing by providing a signed, written notice of revocation to the health care provider listed above and to Scott Simpson, except to the extent that the provider listed above has taken action in reliance on this authorization. Medical providers may not condition treatment or payment on whether the above-listed patient executes this authorization. The information disclosed pursuant to this authorization may be subject to re-disclosure and no longer protected by the privacy regulations promulgated pursuant to the Health Insurance Portability and Accountability Act (HIPAA).

Dated:   New York, New York
         _____, 2020

                                        _____
                                        CLAUDIA COJOCARU

STATE OF NEW YORK     )
                      :  SS:
COUNTY OF_____   )

    On the _____ day of _____, 2020, before me personally came and appeared CLAUDIA COJOCARU, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that she executed the same.

                                        _____
                                        NOTARY PUBLIC

2

<u>ATTACHMENT B</u>

THE CITY UNIVERSITY OF NEW YORK

FERPA RELEASE FORM
PERMISSION FOR ACCESS TO EDUCATIONAL RECORDS

Students who wish to grant third parties, including parents, access to educational records maintained by the student's college should use this form, which requires a date and signature. Electronic signatures are acceptable only if the College is able to identify and authenticate the student as the source of the release.

The Family Educational Rights and Privacy Act (FERPA) prohibits access to, or release of, educational records or personally identifiable information contained in such records without the written consent of the student. This prohibition is subject to certain exceptions. For more information about FERPA, see https://www2.cuny.edu/wp-content/uploads/sites/4/page-assets/about/administration/offices/legal-affairs/policies-procedures/FERPA-2.pdf

Student Name (Please Print): _____

8-digit Student ID Number _____

I, the undersigned, hereby authorize _____ College of The City University of New York, to release the following educational records and information (identify records or types of records; "all records" is not sufficient):

_____
_____
_____

These records should be released to the following person/agency (identify name and address of person/agency to receive information):

_____
_____
_____

These records are being released for the purpose stated below:

_____
_____
_____

_____            _____
Student's signature                                                              Date:

CUNY Office of the General Counsel
July 2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
CLAUDIA COJOCARU and NAOMI HABER,

                Plaintiffs,

        v.                        Case No. 1:19-cv-05428 (AKH)


CITY UNIVERSITY OF NEW YORK, et al.

                Plaintiffs.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

## EXHIBIT A: EDUCATIONAL RECORDS REQUESTED

CLAUDIA COJOCARU requests that the following educational records be released to Scott Simpson, Beranbaum Menken LLP, 80 Pine Street, 33rd Floor, New York, NY 10005:

1. All financial records, including:
    a. tuition and fees;
    b. housing charges;
    c. payments posted;
    d. financial holds (including collection holds);
    e. work-study payroll records;
    f. SARs and ISIRs;
    g. documentation relating to a refusal to certify Federal education loans;
    h. 1098T forms;
    i. financial aid awards (including scholarships and loans);
    j. financial aid applications;
    k. records relating to eligibility and disbursement of Federal student aid funds;
    l. student account records;
    m. financial aid history information;
    n. SAP documentation;
    o. documentation of professional judgment decisions;
    p. entrance and exit counseling records; and
    q. documents used for verification; and

2. All academic records, including:
    a. Grades;
    b. course schedules;
    c. transcripts; and
    d. enrollment and/or degree verification.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CLAUDIA COJOCARU and NAOMI HABER,    Case No. 1:19-cv-05428 (AKH)

            Plaintiffs,    **RELEASE FOR EMPLOYMENT RECORDS**

    v.

CITY UNIVERSITY OF NEW YORK, et al.

            Plaintiffs.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


TO:_____
       NAME AND ADDRESS OF EMPLOYER

    **YOU ARE HEREBY AUTHORIZED** to furnish to SCOTT SIMPSON, Beranbaum Menken LLP, attorney for defendant Anthony Marcus in the above-captioned case, or to his authorized representative, a **CERTIFIED COPY** of the entire employment record, including but not limited to the application, attendance records, disciplinary records, performance evaluations, workers' compensation records, medical records/nurses' records, and/or any doctors' notes, and psychiatric/psychological records of CLAUDIA COJOCARU (Date of Birth:_____; SS#: _____), employed by you from _____ until _____.


Dated:    New York, New York    _____
          _____, 2020    CLAUDIA COJOCARU


STATE OF NEW YORK    )
                       : SS:
COUNTY OF_____    )

    On the _____ day of _____, 2020, before me personally came and appeared CLAUDIA COJOCARU, to me known and known to me to be the individual described in and who executed the foregoing instrument, and who duly acknowledged to me that she executed the same.


                                                         _____
                                                         NOTARY PUBLIC