UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- x
CLAUDIA COJOCARU and NAOMI HABER, :
:
                           Plaintiffs, : **ORDER**
:
  -against- : 19 Civ. 5428 (AKH)
:
CITY UNIVERSITY OF NEW YORK d/b/a JOHN :
JAY COLLEGE OF CRIMINAL JUSTICE, et al., :
:
                         Defendants. :
:
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

In response to the parties' joint letter of November 23, 2020, I rule as follows:

    1. CUNY's offer to produce documents regarding inappropriate sexual touching, language, propositioning or harassment by professors, from 2015 to the filing of the complaint, in the sociology and anthropology departments of John Jay college, should be enlarged to 2013 and 2014, the period alleged in the complaint, is sufficient. Demands for production beyond that seek irrelevant information, burdensome to CUNY. Plaintiffs worked in these two departments; events in other departments are irrelevant.

    2. Plaintiffs' demand for production for all complaints made against the individual defendants seeks irrelevant information and is too broad. Defendants' objection is sustained; production is limited to complaints about sexual misconduct, discrimination and retaliation.

    3. Production shall be made by December 15, 2020.

    4. Defendant Curtis shall produce, to the extent CUNY is producing, and in whatever method of storage, ESI or otherwise, by December 15, 2020. Defendant Curtis is admonished for not complying with previous discovery requests.

    5. Plaintiffs shall identify the persons they believed witnessed the events complained of, or had communications, written or oral, relating to such events. The identifications shall provide, for each person, the addresses where such persons may be served with subpoenas and state the general nature of their knowledge and when it was gained.

    6. Plaintiffs shall describe whatever economic injuries they suffered and provide the bases for their calculations. If plaintiffs sought medical or psychological help because of

1

defendants' conduct, they should identify such persons and identify the period within which they sought such help.

      7. Production shall be made by December 15, 2020.

      8. Defendants' demand for production of documents relating to their complaints and investigations, and investigations relating thereto, are too broad, except that plaintiffs shall identify their complaints to anyone at CUNY.

      9. Defendant Curtis' demands for production of all complaints made to CUNY by plaintiffs, or against plaintiffs, except those relating to complaints of sexual misconduct, are too broad. CUNY's objections are sustained.

      11. The parties shall produce documents in the order they were kept, or in relation to paragraphs of document demands, and reproduce illegible documents identified by the receiving party.

      12. Defendant Curtis' demand for applications for education or employment in the period prior to their leaving of CUNY is too broad and is irrelevant. Plaintiffs' objection is sustained.

      13. Objections to interrogatories 18, 21, 24, and 25 to Cojocaru and 15, 18, 21, and 22 to Haber are sustained. The questions are too broad.

      SO ORDERED.

Dated:    November 25, 2020                      /s/ Alvin K. Hellerstein
           New York, New York                ALVIN K. HELLERSTEIN
                                                     United States District Judge