Law Offices<br>
**HERBST LAW PLLC**

January 4, 2021

**By ECF**

The Honorable Alvin K. Hellerstein
United States District Court
Southern District of New York
500 Pearl Street, Room 1050
New York, NY 10007

      Re: <u>Cojocaru, et al. v. CUNY, et al.</u>

Dear Judge Hellerstein:

We represent individual defendant Prof. Ric Curtis and respectfully submit this letter in response to the joint letter of plaintiffs Cojocaru and Haber and defendant CUNY filed this afternoon, ECF #131. Just as the truth is coming out about CUNY's knowledge that plaintiffs' sexual misconduct claims against Dr. Curtis were fabrications, *see* ECF #130, #130-1 (filed under seal), CUNY is preparing to pay substantial sums to settle with the plaintiffs, implicitly endorsing their false and malicious claims to the press and the public.

Dr. Curtis objects to a stay of discovery. Plaintiffs and CUNY are correct that Dr. Curtis's counterclaims remain in this litigation. They are incorrect that "all the parties other than Mr. Curtis will be discharged." This Court continues to have subject matter jurisdiction over the counterclaims and has already denied a motion to dismiss. Dismissal of plaintiffs' claims is in the Court's discretion, and the Court may not dismiss plaintiffs' claims under Fed. R. Civ. P. 41(a)(2), if it would destroy subject matter jurisdiction over Dr. Curtis's counterclaims. *See, e.g.*, *Wentworth v. Hedson*, 248 F.R.D. 121, 122 (E.D.N.Y. 2008); *Eberhard Inv. Assocs., Inc. v. Santino*, 2004 WL 594728, *1-2 (S.D.N.Y. Mar. 25, 2004); *see also Center for Discovery v. D.P.*, 2017 WL 9674514 (E.D.N.Y. July 17, 2017).

Plaintiffs and CUNY fail to explain how or why "discovery will be substantially narrowed" from what plaintiffs, CUNY, and the individual defendants have already been ordered to produce by January 15, 2021. The discovery was already narrowed by court order, ECF #128, and all of the court-ordered discovery sought by Dr. Curtis is as relevant to his counterclaims as it is to his newly-filed motion to amend his pleadings to assert federal cross-claims and third-party claims against CUNY and its top officials. Neither plaintiffs nor CUNY identify any burden from complying with the court's orders on discovery.

Dr. Curtis will suffer severe prejudice if he is unable to obtain the discovery materials in advance of his scheduled March 2021 arbitration hearing with defendant CUNY. *See* ECF #130, 130-1. The Protective Order in this case specifically provides for the use of such discovery at that hearing. *See* ECF #94-1, at ¶ 8. Although plaintiffs and CUNY may understandably desire to avoid further discovery into their conduct by reaching a settlement, their bare desire to avoid discovery fails to meet the standard of "good cause" in Fed. R. Civ. P. 26(c). *See Republic of Turkey v. Christie's, Inc.*, 316 F.Supp.3d 675, 677 (S.D.N.Y. 2018) ("To establish good cause

420 Lexington Avenue, Suite 300 • New York, New York 10170<br>
646-543-2354 • fax (888) 482-4676

Law Offices
### HERBST LAW PLLC

under Rule 26(c), courts require a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements."); *Mirra v. Jordan*, No. 15-cv-4100(AT)(KNF), 2016 WL 889559 (S.D.N.Y. Feb. 29, 2016) (moving party has burden of showing good cause to stay discovery).

Because plaintiffs and CUNY identify no burden to responding to discovery or issue with the breadth of the discovery sought, and staying discovery would severely prejudice Dr. Curtis, whose counterclaims and federal cross-claims and third-party claims should remain pending regardless of any settlement between the other parties, plaintiffs' and CUNY's request for a stay of discovery should be denied.

> Very truly yours,
>
> /s/ Robert L. Herbst
>
> Robert L. Herbst
> rherbst@herbstlawny.com

cc: All Counsel by ECF