UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CLAUDIA COJOCARU and NAOMI HABER, <br><br> Plaintiffs, <br><br> - against - <br><br> CITY UNIVERSITY OF NEW YORK d/b/a JOHN JAY COLLEGE OF CRIMINAL JUSTICE, RIC CURTIS, ANTHONY MARCUS, LEONARDO DOMINGUEZ, and BARRY SPUNT, all in their individual and professional capacities, <br><br> Defendants. | **SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL** <br><br> 19 Civ. 5428 (AKH) |

This SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Agreement") is made by and between Plaintiffs Claudia Cojocaru and Naomi Haber ("Plaintiffs") and Defendant The City University of New York ("CUNY" or "Defendant CUNY") as follows:

WHEREAS, JOHN JAY COLLEGE OF CRIMINAL JUSTICE ("John Jay College") is not a legally cognizable entity separate and apart from CUNY, which is the proper institutional defendant in this action; and

WHEREAS, any reference to CUNY in this Settlement Agreement includes all agencies, departments, and subdivisions thereof, including but not limited to, John Jay College; and

WHEREAS, Plaintiffs commenced this action by filing a complaint on or about June 10, 2019 ("the Complaint") (ECF No. 1), in the United States District Court for the Southern District of New York, Case Number 19 Civ. 5428, against Defendant CUNY, and against Defendants Ric Curtis, Anthony Marcus, Barry Spunt, and Leonardo Dominguez, in their individual and professional capacities (the "Individual Defendants") (collectively "Defendants") asserting claims

1

under Title IX of the Education Amendments of 1972, 20 U.S.C. 1681 *et seq.*; the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*; Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; 42 U.S.C. § 1983; the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*; the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*; and the Gender Motivated Violence Act, N.Y.C. Admin. Code § 8-903 *et seq.* (the "Action"); and

WHEREAS Plaintiff Cojocaru filed a Charge of Discrimination with the Equal Employment Opportunity Commission on or about November 1, 2019, identified as Charge Number 520-2020-00732C ("EEOC Charge"), and in which she subsequently received a Notice of Right to Sue on or about January 29, 2020; and

WHEREAS, the claims and allegations in the Complaint and the EEOC Charge, together with all related filings and proceedings, constitute "the Action"; and

WHEREAS, Defendant CUNY expressly denies any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, Plaintiffs and Defendant CUNY desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action; and

NOW THEREFORE, in consideration of the mutual promises, covenants, representations and other consideration contained in this Settlement Agreement, Plaintiffs and Defendant CUNY hereby stipulate and agree as follows:

1. **Dismissal of the Action with Prejudice.**

Plaintiffs' claims in the Action, other than Plaintiffs' claims against Ric Curtis ("Curtis") for retaliation based on Curtis' assertion of counterclaims against Plaintiffs, are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 3 of this Settlement Agreement.

2. **Dismissal of Action Against Individual Defendants.**

Simultaneously with the execution of this Settlement Agreement, counsel for Plaintiffs shall execute and deliver to counsel for Defendants a stipulation and order, in the form attached hereto as Exhibit A, dismissing with prejudice the Action and all claims in the Action against the Individual Defendants, both in their individual and official capacities, pursuant to Fed. R. Civ. P. 41(a), and without payment, attorneys' fees, costs, disbursements, or expenses to any of these parties as against the other, other than as set forth in Paragraph 3 of this Settlement Agreement, and, if necessary, file a motion pursuant to Fed. R. Civ. P. 41(a).

3. **Payment to Plaintiffs and Plaintiffs' Attorneys.**

In full consideration of Plaintiffs' execution of this Settlement Agreement, their agreement to be bound by its terms, and their undertakings as set forth herein, including the dismissal of the Action with prejudice, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State of New York on behalf of CUNY, shall pay the gross sum of SIX HUNDRED THOUSAND TEN DOLLARS ($610,000.00) to Plaintiffs and Plaintiffs' attorneys as follows:

   a. The State of New York, on behalf of CUNY, shall pay to Plaintiff Cojocaru the gross sum of ONE HUNDRED SIXTY FOUR THOUSAND FOUR HUNDRED AND NINETY NINE DOLLARS AND SEVENTY FOUR CENTS ($164,499.74), for

which an I.R.S. Form 1099 shall be issued, if applicable, to Plaintiff Cojocaru in this amount, in full and complete satisfaction of any and all claims for damages incurred by Plaintiff Cojocaru that were or could have been the subject of any claim, allegation, or cause of action in the Complaint, including claims for sexual assault and any physical and/or emotional injuries resulting therefrom, compensatory damages, including but not limited to, pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, lost wages, benefits, back pay, front pay, severance pay, commissions, bonuses, reimbursements, pension plan contributions, and any non-vested retirement, pension, health, or savings plan benefits, or other compensation, punitive damages, and liquidated damages, and any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiffs' attorneys or Plaintiffs for any and all counsel who have at any time represented or assisted Plaintiffs in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to Claudia Cojocaru, and mailed to Wigdor LLP, 85 Fifth Avenue, New York, New York 10003.

b. The State of New York, on behalf of CUNY, shall pay to Plaintiff Haber the gross sum of ONE HUNDRED SIXTY FOUR THOUSAND FOUR HUNDRED AND NINETY NINE DOLLARS AND SEVENTY FOUR CENTS ($164,499.74), for which an I.R.S. Form 1099 shall be issued, if applicable, to Plaintiff Haber in this amount, in full and complete satisfaction of any and all claims for damages incurred by Plaintiff Haber that were or could have been the subject of any claim, allegation,

or cause of action in the Complaint, including claims for sexual assault and any physical and/or emotional injuries resulting therefrom, compensatory damages, including but not limited to, pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, lost wages, benefits, back pay, front pay, severance pay, commissions, bonuses, reimbursements, pension plan contributions, and any non-vested retirement, pension, health, or savings plan benefits, or other compensation, punitive damages, and liquidated damages, and any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiffs' attorneys or Plaintiffs for any and all counsel who have at any time represented or assisted Plaintiffs in the Action, or in connection with any other proceeding, administrative, judicial, or otherwise and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The foregoing payment shall be made payable to Naomi Haber, and mailed to Wigdor LLP, 85 Fifth Avenue, New York, New York 10003.

c. The State of New York, on behalf of CUNY, shall pay to Plaintiffs' attorneys, Wigdor LLP, a gross sum of TWO HUNDRED EIGHTY ONE THOUSAND DOLLARS AND FIFTY TWO CENTS ($281,000.52), for which Wigdor LLP shall be issued an IRS Form 1099, in full and complete satisfaction of any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses that Plaintiffs may have for any and all attorneys who have at any time represented, consulted with, or acted on behalf of Plaintiffs in connection with the Complaint or this Action. The foregoing payment shall be made payable to Wigdor LLP, and mailed to Wigdor LLP, 85 Fifth Avenue, New York, New York 10003.

4.     **State Approval of Payments.**

The payments referenced in Paragraph 3 of this Settlement Agreement are conditioned upon and subject to the approval of all appropriate state officials in accordance with N.Y. Public Officers Law § 17. Plaintiffs and Plaintiffs' attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

5.     **Accrual of Interest.**

In the event that the payments referenced in Paragraph 3 of this Settlement Agreement have not been made by the one hundred twentieth (120th) day after the receipt by the Office of the Attorney General of a "So Ordered" copy of this Settlement Agreement, the Stipulation and Order of Dismissal with Prejudice of the Action attached hereto as Exhibit A, entered on the docket by the Clerk of the Court, together with all other requested documentation required under Paragraphs 4 and 8 of this Settlement Agreement, interest on any part of the sum not paid by the end of the one hundred twentieth (120th) day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred and twenty-first (121st) day after receipt by the Office of the Attorney General of all documentation required under Paragraphs 4 and 8 of this Settlement Agreement.

6.     **Liability for Taxes.**

Any taxes, or interest or penalties on taxes, on the payments referenced in Paragraph 3 of this Settlement Agreement shall be the sole and complete responsibility of Plaintiffs, or their attorneys for fees paid to said attorneys. Plaintiffs and their attorneys agree and acknowledge that they shall have no claim, right, or cause of action against CUNY and/or the State of New York, or any of the State's agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, including but not limited to the Individual Defendants, whether in their individual or

official capacities, or any of them, or all of them, on account of such taxes, interest, or penalties. Plaintiffs agree that they will defend, indemnify, and hold harmless CUNY and/or the State of New York, or its present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax. Nothing in this Settlement Agreement shall constitute a determination of whether or not any or all of the settlement amount is taxable.

7. **Responsibility of Plaintiffs for Liens and Setoffs.**

Plaintiffs agree that CUNY or the State of New York, or any of the State's agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, whether in their individual or official capacities, or any of them, or all of them, shall not be responsible for the satisfaction of any liens, or the payment of setoffs, deductions, or recoupments of any kind, including any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation, or child support liens, that may attach to the payments referenced in Paragraph 3 and that Plaintiffs shall have no claim, right, or cause of action on account of such liens or setoffs.

8. **Medicare Certification.**

Plaintiffs represent and warrant that they are not Medicare recipients and/or Medicare eligible, have never been on Medicare or Social Security Disability Insurance ("SSDI"), that no conditional payments have been made on their behalf by Medicare, and further that they do not expect to be Medicare eligible and/or a recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiffs agree to each deliver a fully executed and notarized Affidavit of Medicare Eligibility Status in the form annexed hereto as Exhibit B ("Medicare

7

Affidavit") to the Office of the Attorney General. Plaintiffs acknowledge and understand that receipt of this document by the Office of the Attorney General is a prerequisite to payment of the settlement amounts referenced in Paragraph 3, and that this document falls within the category of "other documentation" and "required documentation" described in Paragraphs 4 and 5 of this Settlement Agreement.

9. **Liability of Plaintiffs for Any Medicare Payments or Medicare Liens.**

Plaintiffs agree to defend, indemnify, and hold harmless CUNY or the State of New York, or any of the State's offices, agencies, departments, divisions, officers, employees, agents, attorneys, insurers, and assigns, including but not limited to the Individual Defendants, whether in their individual or official capacities, or any of them, or all of them, for any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, CUNY and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 3 of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 4 and 8, payment of the settlement amounts specified in Paragraph 3 shall be made in accordance with the terms set forth herein.

10. **Plaintiffs' Agreement to Cooperate and Testify Regarding Individual Defendants' Arbitration Proceedings.**

Plaintiffs agree to cooperate with CUNY with respect to the following arbitration proceedings, including offering testimony if requested:

Case Number: 01-19-0004-6150 (Professional Staff Congress on behalf of Anthony Marcus and CUNY/John Jay College of Criminal Justice)

Case Number: 01-20-0003-9681 (Professional Staff Congress on behalf of Barry Spunt and CUNY/John Jay College of Criminal Justice)

Case Number: 01-19-0004-6149 (Professional Staff Congress on behalf of Richard Curtis and CUNY/John Jay College of Criminal Justice)

Plaintiffs' counsel shall accept service on behalf of Plaintiff Haber and/or Plaintiff Cojocaru of any subpoena served by CUNY in connection with any of the above proceedings.

**11.** **Waiver of Plaintiffs' Tuition and/or Related Fees Owed to John Jay College.**

CUNY agrees to waive any tuition and/or related fees owed, as of the date of this Settlement Agreement, by either Plaintiff Haber and/or Plaintiff Cojocaru to John Jay College.

**12.** **General Release.**

For and in consideration of the payments referenced in Paragraph 3 of this Settlement Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiffs, on behalf of themselves, their heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby release and forever discharge CUNY and the State of New York, together with their offices, agencies, departments, divisions, as well as their present and former officers, employees, agents, attorneys, insurers, heirs, and assigns, including but not limited to the Individual Defendants, whether in their individual or official capacities, or any of them, or all of them (collectively, "the Released Parties") from all manner of actions, proceedings, suits, grievances, injuries, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement, including: (a) any and all claims, causes of action, grievances pursuant to any applicable collective bargaining agreement, rights, or

administrative charges related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Action; (b) any and all claims, causes of action, grievances pursuant to any applicable collective bargaining agreement, rights, or administrative charges related to or arising directly or indirectly from Plaintiffs' employment or association with any of the Released Parties, including any and all claims under 42 U.S.C. §§1981-1988, Title IX of the Education Amendments of 1972, 20 U.S.C. 1681 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.*, the New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, N.Y. Labor Law §§ 194, 740, and 741, N.Y. Civil Service Law § 75-b, the Gender Motivated Violence Act, N.Y.C. Admin. Code § 8-903 *et seq.*, and the United States Constitution, the New York State Constitution, and the New York City Charter; and (c) any and all other claims, causes of action, grievances pursuant to any applicable collective bargaining agreement, rights, or administrative charges for relief, whether for moneys owed, equitable relief, costs, fees, or other expenses, including attorney's fees. Plaintiffs are not waiving or releasing any nonwaivable statutory protections. Plaintiffs are not waiving or releasing any claims that may arise after Plaintiffs execute this Settlement Agreement. Plaintiffs are not waiving or releasing any claims under New York Military Law; any claims under New York Labor Law §§ 220 to 224; any unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in this release prohibits Plaintiffs' right to testify, assist, or participate in an investigation, hearing, or proceeding conducted by the EEOC. Notwithstanding the above, Plaintiffs shall not be deemed to have released (i) any claims against Ric Curtis for retaliation based on Ric Curtis' assertion of counterclaims against Plaintiffs and (ii) any claims against Amalia Paladino arising from or

relating to her claims asserted in *Paladino v. Cojocaru* (Sup. Ct. N.Y. Cty., Index No. 151711/20) and *Paladino v. Cojocaru* (Sup. Ct. N.Y. Cty., Index No. 156016/20).

13. **No Other Action or Proceeding Commenced.**

Other than the Action, Plaintiffs represent that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on their own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendant CUNY to enter into this Settlement Agreement.

14. **Waiver of Attorneys' Lien.**

The undersigned attorneys for Plaintiffs do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

15. **No Other Attorney.**

Plaintiffs represent and warrant that besides the undersigned attorneys for Plaintiffs, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

16. **No Prevailing Party.**

Neither Plaintiffs nor any Defendant shall be deemed a "prevailing party" for any purpose, including any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

**17.    Binding Effect on Successors and Assigns.**

The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

**18.    Authority.**

Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

**19.    Voluntary Agreement.**

Plaintiffs represent that they have thoroughly discussed all aspects of this Settlement Agreement, including the General Release, with their counsel, and Plaintiffs represent that they have carefully read and fully understand all of the provisions of this Settlement Agreement. Plaintiffs represent that they execute and deliver this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledge that they understand its terms, contents, and effect. Plaintiffs acknowledge that they have consulted with their attorneys before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or any one acting on behalf of any party.

**20.    Negotiated Agreement.**

The parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement.  The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

**21.    No Admission of Liability.**

It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of CUNY, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, including but not limited to the Individual Defendants, whether in their individual or official capacities, or any of them, or all of them, and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy or practice of CUNY or the State of New York.

**22.    No Precedential Value.**

This Settlement Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop CUNY, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, including but not limited to the Individual Defendants, whether in their individual or official capacities, or any of them, or all of them, in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

23. **Entire Agreement.**

This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

24. **Governing Law.**

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

25. **Severability.**

With the exception of paragraphs 1, 2, 4, 8, 12, 13, and 16 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

26. **Headings.**

The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

27. **Submission to the Court.**

This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

28. **Counterparts.**

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

29. **Authority to Sign Agreement.**

The parties and the signatories to this Agreement represent and warrant that the signatories executing this Agreement on behalf of each party have full authority to do so and to make the representations, warranties, and agreements contained herein.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated:    New York, New York
          February 2, 2021

_____
*Claudia Cojocaru*
CLAUDIA COJOCARU

STATE OF New York, COUNTY OF NASSAU : §§ :

On February 2, 2021, before me personally came and appeared Claudia Cojocaru, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and who duly acknowledged to me that she executed the same.

VIRGINIA GENTILE
Notary Public, State of New York
No. 01GE4960908
Qualified in Nassau County
Commission Expires January 2, 2022

_____
*Virginia Gentile*
NOTARY PUBLIC

THIS DOCUMENT WAS NOTARIZED PURSUANT TO NY executive ORDER 202.7 VIA Zoom Meeting

_____
NAOMI HABER

STATE OF            , COUNTY OF            : §§ :

On February __, 2021, before me personally came and appeared Naomi Haber, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and who duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated: New York, New York
February 2, 2021

_____
CLAUDIA COJOCARU

STATE OF _____, COUNTY OF _____ : §§ :

On February __, 2021, before me personally came and appeared Claudia Cojocaru, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and who duly acknowledged to me that she executed the same.

_____
NOTARY PUBLIC

_____
*Naomi Haber* (DocuSigned)
NAOMI HABER

STATE OF New York, COUNTY OF Nassau : §§ :

On February 2, 2021, before me personally came and appeared Naomi Haber, known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and who duly acknowledged to me that she executed the same.

VIRGINIA GENTILE
Notary Public, State of New York
No. 01GE4960908
Qualified in Nassau County
Commission Expires January 2, 2022

_____
*Virginia Gentile*
NOTARY PUBLIC

This document was notarized pursuant to NY executive order 202.7 via Zoom meeting

16

Dated:  New York, New York
~~February 2~~, 2021
February 3
WIGDOR LLP
*Attorneys for Plaintiffs*
By:

_____
David Gottlieb, Esq.
85 Fifth Avenue
New York, New York 10003
(212) 257-6800

Dated: New York, New York
February 2, 2021

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant CUNY*
By:

_____
Elyce N. Matthews, Esq.
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8910

SO ORDERED:

Dated: _____, 2021

_____
Hon. Alvin K. Hellerstein
U.S.D.J.

17

Dated: New York, New York
       February 2, 2021

WIGDOR LLP
*Attorneys for Plaintiffs*
By:

_____
David Gottlieb, Esq.
85 Fifth Avenue
New York, New York 10003
(212) 257-6800

Dated: New York, New York
       February 2/3, 2021

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant CUNY*
By:

_____
Elyce N. Matthews, Esq.
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8910

SO ORDERED:

Dated: _____, 2021

_____
Hon. Alvin K. Hellerstein
U.S.D.J.