UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------------- x
CLAUDIA COJOCARU and NAOMI HABER,             :
                                              :
                              Plaintiffs,     :
                                              :
              -against-                       :
                                              :
CITY UNIVERSITY OF NEW YORK d/b/a JOHN        :
JAY COLLEGE OF CRIMINAL JUSTICE, et al.,      :
                                              :
                              Defendants.     :
                                              :
-------------------------------------------------------------- x
```

**ORDER**

19 Civ. 5428 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:


        Plaintiffs and defendants, except for defendant Ric Curtis, offer a stipulation of

settlement with prejudice of all claims in the lawsuit.  The stipulation is supported by a

settlement agreement providing the terms of settlement.  All monetary consideration is to be paid

by the State of New York, on behalf of the City University and John Jay College.  The settlement

provides also for the dismissal with prejudice of all plaintiffs' claims against the individual

defendants, Anthony Marcus, Leonardo Dominguez and Barry Spunt.  As to defendant Ric

Curtis, the settlement agreement provides for a dismissal with prejudice of all claims except

Cojocaru's and Haber's claims against Curtis for retaliation.  The settlement agreement does not

mention Curtis' counterclaims for defamation and tortious interference with his contractual

relations with John Jay College.  It also does not mention a new action he seeks to bring, either

as an independent action related to the Cojocaru/Haber complaint to be referred to me, or as

cross-claims and third-party complaints in the Cojocaru proceedings.  The new action alleges

federal and state claims based on discriminatory and due process failures in the John Jay process leading to his suspension as a tenured professor.

Curtis objects to the settlement proposal as unfair to him.  His point of unfairness is that his counterclaims "arise under state law," and that since the settlement would settle all federal claims alleged against him, an independent basis of federal jurisdiction would be lacking to support his counterclaims.  Curtis argues that the dismissal of plaintiffs' claims "would destroy the Court's subject matter jurisdiction" over his counterclaims, and therefore would not be permissible under Rule 41(a)(2).

A case can be dismissed by stipulation only if all parties who have appeared in the action consent; otherwise, it must be accomplished by court order.  R. 41(a)(2), Fed. R. Civ. P.  I treat the papers before me as such a motion. *C.f.  HOV Services, Inc. v. ASG Technologies Group, Inc.*, No. 18-CV-9780 (PKC), 2021 WL 355670, at *2 (S.D.N.Y. Feb. 2, 2021).  In considering whether to order the dismissal, I must decide that the terms are "proper" and, if a party has pleaded a counterclaim and the counterclaimant objects, I may dismiss only if "the counterclaim can remain pending for independent adjudication."  R. 41(a)(2).  Rule 41(a)(2) has as its "primary purpose" the protection of defendants' interests.  *Zagano v. Fordham Univ.*, 900 F.2d 12, 1 (2d Cir. 1990).

There is no question that the terms of the settlement are fair.  Plaintiffs are to be paid $164,499.74 each, plus attorneys' fees of $281,000.52, $610,000.00, in all. All claims against CUNY are to be dismissed.  And all claims against the individual defendants are to be released, without their having to pay a single cent.  As to Curtis, the federal claims against him are also being released, also without his having to pay anything.  The only exceptions are plaintiffs' claims for retaliation.

The remaining claims against Curtis (Counts 16 and 17) are alleged under the N.Y.S. Human Rights Law and N.Y.C. Human Rights Law, and are based on the assertion of his counterclaims against plaintiffs for defamation, a privileged activity.  Am. Compl, ¶¶ 233-35, ECF 62; *see Wermann v. Excel Dentistry, P.C.*, No. 13 CIV. 7028 DAB, 2014 WL 846723, at *4 (S.D.N.Y. Feb. 25, 2014).  Although the proposed settlement excludes the claims against Curtis for retaliation, the retaliation claims against him are alleged under state and city law, not federal law.  Plaintiff fears that my supplementary jurisdiction would end and, likely, it would.  See 28 U.S.C. § 1367(c)(3)(a district court may decline to exercise jurisdiction "where the district court has dismissed all claims over which it has original jurisdiction").  But it would not affect an "independent adjudication" of the counterclaim, the concern of Rule 41(a)(2).  As Judge Brian Cogan did in *Maggio v. CUNY*, 2008 WL 11434463 (E.D.N.Y. Oct. 6l, 2008), my order granting the parties' motion for dismissal with prejudice, can be conditioned on plaintiffs' willingness to accept the jurisdiction of the New York Supreme Court, the incorporation in the records of that court, and freedom to use in that case, all pre-trial proceedings and discovery in this court, and such other reasonable protections as defendant Curtis may request before I grant the motion to dismiss the case with prejudice, as provided in the Settlement Agreement.  The conditions I offer to impose are consistent with NY CPLR 205(a), tolling the statute of limitations for an action in state court after dismissal on jurisdictional grounds in the federal court.  Similar conditions often are imposed in venue transfer cases under 28 U.S.C. §1404(a).  *See Van Dusen v. Barrack*, 376 U.S. 612, 633 (1964) ("Although . . . a case may be transferred to a more convenient part of the system, whatever rights the parties have acquired under state law should be unaffected. The case should remain as it was in all respects but location.") (internal citations omitted).

The parties shall settle an order by February 17, 2021, the order to include such protective conditions as defendant and counterclaim plaintiff Ric Curtis reasonably may request.


SO ORDERED.

Dated:       February 9, 2021                    _____/s/_____
             New York, New York                  ALVIN K. HELLERSTEIN
                                                 United States District Judge