UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
CLAUDIA COJOCARU and NAOMI HABER,　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　Plaintiffs,　:　**ORDER**
　　　　　　　　　　　　　　　　　　　　　:
　　　　-against-　　　　　　　　　　　　　:　19 Civ. 5428 (AKH)
　　　　　　　　　　　　　　　　　　　　　:
CITY UNIVERSITY OF NEW YORK d/b/a JOHN　 :
JAY COLLEGE OF CRIMINAL JUSTICE, et al., :
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　Defendants.　:
　　　　　　　　　　　　　　　　　　　　　:
---------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

　　　　The parties have tendered clashing orders to effectuate the settlement that I previously approved. ECF # 150. The parties shall file a single version for me to file that shall include:

1. Paragraph 1 and 1(a) of defendant Curtis' proposed order, but not paragraph 1(b).

2. Paragraph 2 of defendant Curtis' proposed order, with the following sentence added: "The Second Amended Complaint filed by plaintiff on February 19, 2021, ECF No. 154, re-states plaintiffs' remaining claim for retaliation against defendant Curtis. Defendant Curtis shall file an Amended Answer limited to the claim of retaliation, and shall re-state his counterclaim and third-party complaint, by March 19, 2021."

3. Paragraph 2, including subsections (a) and (b), of Plaintiffs' proposed order, with the opening sentence replaced with: "Should supplemental federal jurisdiction of Dr. Curtis' counterclaims against Plaintiffs subsequently be found not to exist."

4. Paragraph 3 of defendant Curtis' proposed order shall be deleted.

I explain this ruling as follows:

This is not a discovery order, and there will be no provision for discovery. The amount of the settlement has been disclosed publicly, and my judgment that it is fair similarly has been disclosed. ECF No. 150. Unless defendant Curtis shows, in later proceedings, that discovery is relevant, his application to inspect any further clauses of the agreement is denied.

I have agreed to exercise Supplemental Jurisdiction over defendant Curtis' counterclaims and third-party complaint, since it is related to plaintiffs' federal claim of retaliation and, essentially, the same case or controversy. It is more efficient that I, rather than a New York Supreme Court Justice, preside over all aspects of the case. But subject matter jurisdiction can never be stipulated or assumed, and if it appears subsequently that subject matter does not exist, or if the state claims are litigated in such a way as to overshadow the federal claim of retaliation, I may be moved to decline to exercise Supplemental Jurisdiction. See 28 U.S.C. § 1367(c)(2). The term I propose to add to proposed order provides for that possible eventuality.

SO ORDERED.

Dated:   March 9, 2021               /s/ Alvin K. Hellerstein
         New York, New York         ALVIN K. HELLERSTEIN
                                    United States District Judge