The April 30, 2021 conference is adjourned until May 7, 2021 at 10am. All proceedings until then, and further proceedings will there be discussed.
So ordered,
/s/ Alvin K. Hellerstein
Alvin K. Hellerstein
4/29/21



## STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

April 28, 2021

**By ECF and Email**

Hon. Alvin K. Hellerstein
United States District Judge
Southern District of New York
500 Pearl Street, Room 1050
New York, New York 10007

> **Re:** *Cojocaru and Haber v. CUNY, et al.*, Case No. 19-cv-5428 (AKH) (OTW)

Your Honor:

This Office represents Crossclaim Defendant the City University of New York ("CUNY") and Third Party Defendants Karol Mason, Yi Li, Donald Gray, Gabriela Leal, Bridget Barbera, and Silvia Montalban (collectively "CUNY Defendants") in the above-referenced action. I write to respectfully request that discovery in this action be stayed pending the determination of the CUNY Defendants' anticipated motion to dismiss, which they intend to file tomorrow per the Court's Order (ECF No. 176), and which, if granted, will obviate the need for discovery in this action.

"[U]pon a showing of good cause a district court has considerable discretion to stay discovery pursuant to Fed. R. Civ. P. 26(c)." *Hong Leong Fin. Ltd. (Sing.) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). "[A] pending motion to dismiss may constitute 'good cause' for a protective order staying discovery" where movant makes "substantial arguments" for dismissal. *Id.* at 72-73. A stay is particularly favored where a motion to dismiss asserts that the court lacks personal jurisdiction over a defendant or where a defendant asserts an immunity defense, which is "meant to provide protected parties a right, not merely to avoid 'standing trial,' but also to avoid the burdens of such pretrial matters as discovery." *See, e.g.*, *Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. 1994) (staying discovery pending "motion to dismiss based on lack of personal jurisdiction"). Factors that courts have considered when determining whether a stay is appropriate include: (1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay. Courts also may take into consideration the nature and complexity of the action, whether some or all of the defendants have joined in the request for a stay, and the posture or stage of the litigation. *See, e.g.*, *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006) (internal citations omitted).

This situation implicates all of the above. As the CUNY Defendants will set forth in their motion to dismiss, the CUNY Defendants possess Eleventh Amendment immunity with respect to several of Curtis's claims; Curtis lacks a private right of action with respect to his Title IX claims; and, Curtis has failed to plausibly state a claim with respect to his allegations that he was subject to discrimination because of his gender in connection with the investigation into sexual misconduct claims against him. Further, the CUNY Defendants will demonstrate that all claims against the individual defendants should be dismissed due to Curtis's failure to allege their personal involvement. The CUNY Defendants anticipate that these defenses will be fully dispositive of the claims against them, which would obviate the need for discovery. *See, e.g., Port Dock & Stone Corp. v. Oldcaster Ne., Inc.*, 2006 WL 3190521, at *1 (E.D.N.Y. Nov. 1, 2006) (staying discovery where motion to dismiss "was well-grounded in the law and potentially dispositive").

Even if the motion does not ultimately dispose of the entire complaint, disposition of the motion will likely significantly narrow and clarify the issues in the case, meaningfully diminishing any future discovery burden. *Cuartero v. United States*, 2006 WL 3190521, at *1 (D. Conn. Nov. 1, 2006) ("where the motion to dismiss could significantly narrow . . . the issues in the case, proceeding with discovery would waste the parties' resources and constitute an undue burden on defendants") (quoting *Rivera v. Heyman*, 1997 WL 86394, *3 (S.D.N.Y. Feb. 27, 1997)). This is especially true where, as here, there is a strong likelihood that most, if not all, defendants will be dismissed as parties from this case.[1] Further, the Individual CUNY Defendants intend to argue that they are entitled to qualified immunity and "[u]ntil the threshold issue of qualified immunity has been decided, "discovery should not be allowed." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Siegert v. Gilley*, 500 U.S. 226, 232–33 (1991); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) ("Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery.").

The CUNY Defendants' motion to dismiss offers multiple, alternative grounds for dismissal that are grounded in black letter law, and plainly constitute "substantial arguments" in favor of dismissal. To permit Curtis to commence discovery at this time, especially electronic discovery which will be substantially burdensome, prior to disposition of the CUNY Defendants' motion to dismiss, would present an undue burden and be inefficient for the parties and the Court. Moreover, there is no risk of unfair prejudice to any party if the Court grants a stay. Instead, the CUNY Defendants will be prejudiced if they are forced to conduct broad discovery on claims and against parties that will likely ultimately be unnecessary after the Court's adjudication of the motion to dismiss. While the Court has previously ordered the parties to negotiate the electronically stored information (ESI) protocol by April 30, 2021 (ECF No. 153), at that time Curtis had not filed his pleading, and thus neither the parties nor the Court was aware that the CUNY Defendants would be filing a motion to dismiss based on the aforementioned grounds that

---

[1] In fact, Curtis does not name some of the Individual CUNY Defendants anywhere in the complaint's allegations and does not assert a single cause of action against them; accordingly, it would be unfair to subject them to the burdens of discovery.

may dismiss Curtis's claims against them entirely.[2]

Further, in connection with the request for a stay, I write to request that the Court adjourn the conference currently scheduled for Friday pending the outcome of the CUNY Defendants' motion to dismiss. If the Court is not inclined to adjourn the conference, I respectfully request that the conference be adjourned until at least May 7, 2021. Counsel unexpectedly has a medical procedure scheduled for Friday and is unavailable for the conference. This will further give the parties an opportunity to discuss the ESI protocol if the Court is not inclined to grant the stay request.[3]

Accordingly, the CUNY Defendants respectfully request that the Court stay discovery pending the disposition of the CUNY Defendants' Motion to Dismiss. The CUNY Defendants further respectfully request that the Court adjourn the conference currently scheduled for Friday, April 30, 2021.

Plaintiffs Cojocaru and Haber consent to the request for a stay and adjournment of the conference. Defendant and Third Party Plaintiff Curtis does not consent to delaying the ESI protocol pending the resolution of the CUNY Defendants' motion to dismiss because "the Court clearly indicated its intent that the ESI protocol be resolved prior to this conference, knowing that you very well may file a motion to dismiss rather than an answer. And [the] motion will not affect the plaintiffs' claims and [Curtis's] counterclaims."

We thank the Court for its consideration of this request.

Respectfully submitted,

_____/s/_____
Elyce N. Matthews
Assistant Attorney General
(212) 416 – 8910

To:     Counsel of Record (via ECF)

---

[2] Moreover, pursuant to the original Scheduling Order, the ESI protocol was due three weeks after the CUNY Defendants' response to Curtis's Crossclaim and third party complaint. (ECF No. 153.)

[3] Counsel for Curtis circulated an ESI proposal on Saturday night (April 24, 2021). The proposal is nearly identical to the ESI protocol agreed upon by the parties in the original *Cojocaru* action. As Your Honor has already advised, the contours of this case, and the commensurate relevant discovery, are narrower than the initial claims, which were settled on March 12, 2021.