UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
CLAUDIA COJOCARU and NAOMI HABER,            :
                                             :
                             Plaintiffs,     :    ORDER REGULATING
         -against-                           :    PROCEEDINGS
                                             :
RIC CURTIS,                                  :    19 Civ. 5428 (AKH)
         Defendant and Counterclaim Plaintiff, :
and                                          :
                                             :
RIC CURTIS,                                  :
         Crossclaim and Third Party Plaintiff, :
v.                                           :
                                             :
CITY UNIVERSITY OF NEW YORK, et al.,         :
         Crossclaim and Third Party Defendants. :
                                             :
------------------------------------------------------------ x
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant Curtis seeks to lift the stay of discovery I imposed on May 7, 2021. ECF No. 196. CUNY and Curtis, pursuant to their contract, are engaged in arbitration proceedings. An arbitrator has been appointed and the first session has been scheduled for November 9, 2021. ECF No. 194. The outcome of the arbitration will affect this lawsuit. For example, if the arbitrator determines that Curtis' termination was justified, it is hard to imagine that Curtis will have a viable cause of action on this point.

        Nevertheless, Curtis has provided a long list of discovery demands he wishes to use in arbitration. Discovery requests should be made in the first instance to the arbitrator. *See Application of Technostroyexport*, 853 F. Supp. 695, 697–98 (S.D.N.Y. 1994) (explaining that arbitrators govern their own proceedings and pre-hearing discovery is governed by the applicable arbitration rules and by the arbitrator); *see also Commercial Solvents Corp. v. Louisiana Liquid Fertilizer Co.*, 20 F.R.D. 359 (S.D.N.Y.1957) (holding that a federal district court has no power

to order discovery under court rules where the matter is being litigated in an arbitration); *Oriental Com. & Shipping Co. v. Rosseel, N.V.*, 125 F.R.D. 398, 400 (S.D.N.Y. 1989) (explaining that discovery "in aid of" arbitration is permitted by the courts only where a movant can demonstrate "extraordinary circumstances."). Discovery in arbitration is more limited than in a court proceeding; when parties agree to arbitration, they are aware of the differences. *See Oriental Com. & Shipping Co. v. Rosseel, N.V.*, 125 F.R.D. 398, 402 (S.D.N.Y. 1989) (quoting *Commercial Solvents Corp.*, 20 F.R.D. at 362) (declining to order discovery "in aid of" arbitration where defendant "chose to avail itself of procedures peculiar to the arbitral process" and therefore could not "vacillate and successfully urge a preference for a unique combination of litigation and arbitration.").

Additionally, CUNY's motion to dismiss, scheduled to be argued on September 30, 2021, is also likely to substantially affect the outcome of this litigation. It is premature to entertain the motion to dismiss at this time. The entire action is hereby stayed until arbitration is complete and all pending court dates are cancelled. All parties shall attend a status conference on March 4, 2022, at 10 am to review the status of the matter and to ascertain if there are any further proceedings to be had. The Clerk is instructed to terminate ECF Nos. 183, 196.

SO ORDERED.

Dated:  August 11, 2021                   /s/ Alvin K. Hellerstein
        New York, New York                ALVIN K. HELLERSTEIN
                                          United States District Judge